**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4445**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIC EVERHART,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (CR-02-62, CR-03-8)

_____

Submitted:  October 23, 2003      Decided:  October 29, 2003

_____

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

Raymond H. Yackel, Jr., LAW OFFICE OF RAYMOND H. YACKEL,
Morgantown, West Virginia, for Appellant. Thomas E. Johnson, United
States Attorney, John C. Parr, Assistant United States Attorney,
Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eric Everhart pled guilty to conspiracy to possess heroin with intent to distribute, 21 U.S.C. § 846 (2000), and a criminal forfeiture information. 21 U.S.C.A. § 853 (West 1999 & Supp. 2003). He was sentenced to a term of 110 months imprisonment. Under the terms of his plea agreement, Everhart waived the right to appeal his sentence. Everhart's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as a potentially meritorious issue the district court's denial of an adjustment for acceptance of responsibility, USSG § 3E1.1 (2002), but asserting that, in his view, there are no meritorious issues for appeal. Everhart has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and dismiss that portion of the appeal in which Everhart contests his sentence.

A defendant may waive his right to appeal if the waiver is knowing and voluntary. United States v. Brown, 232 F.3d 399, 402 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Our review of Everhart's guilty plea hearing, conducted according to Rule 11 of the Federal Rules of Criminal Procedure, discloses that Everhart's waiver of his appeal right was knowing and voluntary. Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and dismiss the appeal of the sentence. This court

2

requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART